USAO#2009R00899/MJM

**RECEIVED**
**MAR 28 2011**
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA : | Crim. No. 11-176 (JAP)-01 |
| : | |
| v. : | 18 U.S.C. § 1960 and § 2 |
| : | 18 U.S.C. § 982(a)(1) |
| : | |
| SAUL KASSIN : | **I N F O R M A T I O N** |

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

1.  At all times relevant to this Information:

a.  Defendant SAUL KASSIN resided in Brooklyn, New York and conducted business from his residence.

b.  Through his position as a rabbi, defendant SAUL KASSIN operated or was affiliated with Magen Israel Society, an organization which accepted monies from individuals and transmitted this money to other individuals or organizations located in the United States and Israel.

c.  There was a cooperating witness (hereinafter, the "CW") who had been charged in a federal criminal complaint with bank fraud in or about May 2006. At the direction, and with the approval of, the Federal Bureau of Investigation ("FBI"), the CW provided defendant SAUL KASSIN with cashier's checks drawn upon a New Jersey bank account totaling between $200,000 and $400,000 in

return for which defendant KASSIN issued checks drawn upon the account of Magen Israel Society totaling between $200,000 and $400,000 and made payable to organizations based in New Jersey in exchange for a ten percent fee retained by defendant KASSIN and Magen Israel Society.

   2. At all times relevant to this Information:

   a. The law of the State of New Jersey, N.J.S.A. 17:15C-4(a), provided that "no person . . . shall engage in the business of money transmission without a license. . . ." Violations of this law were punishable as a felony.

   b. The law of the State of New York, McKinney's Banking Law § 641, provided that "[n]o person shall engage in the business . . . of receiving money for transmission or transmitting the same, without a license . . . ." Violations of this law were punishable as a misdemeanor.

   c. Federal law provided that "[a]ny person who owns or controls a money transmitting business shall register the business (whether or not the business is licensed as a money transmitting business in any State) with the Secretary of the Treasury. . . ." See 31 U.S.C. § 5330(a)(1).

   d. Neither defendant SAUL KASSIN, nor Magen Israel Society, were licensed with the States of New Jersey or New York, or registered with the Secretary of the Treasury, as a money transmitting business.

3.  From in or about June 2007 to in or about December 2008, in the District of New Jersey and elsewhere, defendant

SAUL KASSIN

knowingly conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed money transmitting business, and aided and assisted in the same, which business affected interstate and foreign commerce and (a) was operated without an appropriate money transmitting license in New Jersey and New York, where such operation was punishable as a felony or a misdemeanor under those States' laws; and (b) failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330 and regulations prescribed under that Section.

In violation of Title 18, United States Code, Section 1960 and Section 2.

## FORFEITURE ALLEGATION

(18 U.S.C. § 982)

As the result of committing the aforementioned offense in violation of Title 18, United States Code, Section 1960, as alleged in this Information, defendant KASSIN shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal, that was involved in such offense or traceable to such property, in the amount of $367,500.

If any of the above-described forfeitable property, as a result of any act or omission of defendant KASSIN:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of defendant KASSIN up to the value of the above forfeitable property.

PAUL J. FISHMAN
UNITED STATES ATTORNEY

CASE NUMBER: 11-

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

SAUL KASSIN

INFORMATION

18 U.S.C. § 1960
18 U.S.C. § 2
18 U.S.C. § 982(a)(1)

PAUL J. FISHMAN
U.S. ATTORNEY
NEWARK, NEW JERSEY

MARK J. MCCARREN
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
(973) 645-2867